# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAR HINES,** | : | **CIVIL ACTION NO. 1:09-CV-0206** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **KEVIN DEPARLOS, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On February 2, 2009, Jermar Hines ("Hines"), an inmate at the Lycoming County Prison, filed this civil rights action naming as defendants Warden Kevin DeParlos ("DeParlos"), Deputy Warden Steve Blank ("Blank"), and the Lycoming County Prison. (Doc. 1). Hines seeks to proceed in forma pauperis. (Doc. 2). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, for the reasons set forth below, prior to dismissal, plaintiff will be afforded the opportunity to amend his complaint.

## I. Allegations of the Complaint

Hines alleges that on October 6, 2008, he sent a request to Deputy Warden Blank requesting additional time in the law library. (Doc. 1, at 2.) His request was denied. A second request was also denied. (Doc. 1, at 3.) Thereafter, he filed a number of grievances with the "Warden/Deputy Warden" seeking adequate access to the law library and assistance from a person "trained in law." (Id.) He alleges that his grievances went unanswered. (Id.)

He seeks compensatory damages, costs and other relief the court deems proper. (Doc. 1, at 3.)

**II.    Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Inmates have the right to adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury. Lewis v. Casey, 518 U.S. 343, 355 (1996). The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356.

Plaintiff has not alleged that he was unable to pursue an "arguably actionable claim" as a result of defendants' actions. He simply alleges that he was denied additional time in the prison law library. This is clearly insufficient to state a right of access claim. However, plaintiff will be given the opportunity to amend

his complaint.  Failure to amend within the allotted time will result in dismissal of the complaint.

    An appropriate order follows.

                                             S/ Christopher C. Conner  
                                            CHRISTOPHER C. CONNER  
                                            United States District Judge

Dated:      February 4, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAR HINES,** | : | **CIVIL ACTION NO. 1:09-CV-0206** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **KEVIN DEPARLOS**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of February, 2009, upon consideration of plaintiff's complaint (Doc. 1), and the application to proceed in forma pauperis (Doc. 2 ), it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED.

2. Plaintiff shall FILE an amended complaint on or before February 23, 2009. The amended complaint shall carry the same civil docket number (1:09-CV-0206) presently assigned to this matter.

3. The amended complaint shall be a short, plain, and concise statement of the claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

4. Failure to file an amended complaint within the allotted time will result in dismissal of the original complaint (Doc. 1) pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge